## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAUREN WILLIAMS-LESTER,       :
    Plaintiff,                     :         **CIVIL ACTION**
                                 :
    v.                            :
                                 :
VISION FINANCIAL CORPORATION,   :
    Defendant.                :         **No. 15-6662**
                                 :

**FILED**

FEB 0 1 2017

KATE BARKMAN, Clerk
By _____ Dep. Clerk

## MEMORANDUM

**Schiller, J.**                                                      **February 1, 2017**

       Lauren Williams-Lester sued Vision Financial Corporation ("VFC") for contacting her to collect an alleged consumer debt in violation of the Fair Debt Collection Practices Act ("FDCPA"). VFC answered the Complaint through counsel, but the Court subsequently granted a motion by VFC's counsel to withdraw. Despite two orders of the Court, VFC has not appointed new counsel. The Clerk of Court entered VFC's default, and Williams-Lester moved for default judgment. Because Williams-Lester has made out claims for four violations of the FDCPA and because default judgment is proper, the Court will grant the motion and enter judgment against VFC in the amount of $4,595.50.

## I.     BACKGROUND

### A.     Factual Allegations

       In her complaint, Williams-Lester alleged that debt collection company VFC contacted her repeatedly to collect a consumer debt that she owed to Comenity Bank. (Compl. ¶¶ 5, 8–9, 12–14, ECF No. 1.) Between December 2014 and April 2015, VFC called her home and cellular phones two to three times per day, on average. (*Id.* ¶¶ 15–16.) She received some calls before

8:00 a.m. and after 9:00 p.m. (*Id.* ¶¶ 17–18.) VFC continued to call her home and cell phones even after she told the company to only contact her by mail. (*Id.* ¶¶ 19–21.) VFC threatened legal action when she did not pay the debt, and Williams-Lester claimed that VFC's failure to actually take legal action indicated that this threat was made solely to force her to make payment. (*Id.* ¶¶ 22–23.) Finally, she alleged that VFC failed to send her written notification, "within five days of its initial communication with her, of her rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt." (*Id.* ¶ 24.) Williams-Lester claimed that VFC's actions were "taken with the intent to annoy and harass" her. (*Id.* ¶ 25.)

**B.    Procedural History**

Williams-Lester sued VFC on December 17, 2015, alleging five violations of the FDCPA, 15 U.S.C. §§ 1692–1692p. Through counsel, VFC filed its answer one day late, admitting that part of its business is debt collection, and that when it operates as a debt collector as defined by the FDCPA, "certain of its activities may be regulated by the FDCPA." (Answer ¶¶ 9–10, ECF No. 4.) VFC also admitted that it was retained to collect a debt that Williams-Lester owed to Comenity Bank, and that it contacted Williams-Lester between March and May 2015. (*Id.* ¶¶ 12–13, 15.)

Two months before the scheduled arbitration hearing, counsel for VFC filed a motion to withdraw as attorney, which the Court granted. The Court postponed the scheduled arbitration hearing and ordered VFC to retain new counsel by July 30, 2016.[1] Arbitration was rescheduled for October 4, 2016, but VFC never retained new counsel or otherwise responded to the Court's Order. On September 8, 2016, the Court ordered VFC to show cause as to why it had not

---

[1] Because VFC is a corporation, it cannot appear *pro se* in federal court. *See Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966).

complied with the Court's Order and warned that failure to appoint counsel could result in sanctions. VFC never responded. The Court cancelled the arbitration hearing, and the Clerk of Court entered default on October 12, 2016. Williams-Lester filed for default judgment two months later.

Because VFC is not represented by counsel, the Clerk of Court mailed paper copies of the order to show cause, the notice canceling the arbitration hearing, and the order entering default to VFC's mailing address, 11960 Westline Industrial Drive, Suite 330, Maryland Heights, Missouri, 63146. The copies have been returned by the U.S. Postal Service as undeliverable.[2] Williams-Lester certified that she served a copy of the motion for default judgment on VFC at the same address. (Mot. Default J., ECF No. 18.)

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 sets out a two-step process for obtaining a default judgment. First, when a party has "failed to plead or otherwise defend" an action, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Failure to "otherwise defend" includes failure to comply with a Court order to "obtain substitute counsel." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992). Second, upon application by the party not in default, a district court may enter default judgment. Fed. R. Civ. P. 55(b)(2). If the party in default "has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." *Id.* The court "has discretion to determine whether a hearing is necessary" prior to entry of default judgment.

---

[2] In its Answer, VFC acknowledged that it had an office at 11960 Westline Industrial Drive, Suite 330, Maryland Heights, Missouri, 63146. (Answer ¶ 8.) If this address is no longer accurate, then it is the responsibility of VFC to update its address with the Court. *See* E.D. Pa. Civ. R. 5.1(b).

10A Charles Alan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 2688 (4th ed. Supp. 2016). The entry of default judgment is likewise left primarily to the discretion of the Court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Before entering default judgment, the court must make two determinations. First, the Court must determine that the facts set forth in the complaint establish a legitimate cause of action, because a party in default does not admit mere conclusions of law. *Carroll v. Stettler*, Civ. A. No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012); *Bricklayers & Allied Craftworkers Local 1 v. WaterControl Servs., Inc.*, Civ. A. No. 09-3935, 2012 WL 3104437, at *3 (E.D. Pa. July 30, 2012). Second, the Court must determine that default judgment is proper. When a defendant in default has initially filed an answer or responsive pleading, default judgment functions as a sanction. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990); *Jimenez v. Rosenbaum-Cunningham, Inc.*, Civ. A. No. 07-1066, 2010 WL 1303449, at *3 (E.D. Pa. Mar. 31, 2010). Before entering default judgment as a sanction, the district court must consider the *Poulis* factors (*see infra* Part III.B). *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)); *Comdyne I, Inc.*, 908 F.2d at 1148. A court can enter default judgment even if it lacks sufficient information to evaluate a factor or if not all factors favor the entry of default judgment. *Jimenez*, 2010 WL 1303449, at *3.

## III.   DISCUSSION

The Clerk of Court properly entered VFC's default because VFC failed to comply with the Court's order to retain new counsel. *Mendelsohn, Drucker, & Assocs., P.C. v. Titan Atlas Mfg., Inc.*, Civ. A. No. 12-0453, 2013 WL 1842124, at *5 (E.D. Pa. May 2, 2013) ("Because a

4

corporation cannot represent itself pro se in federal court, a corporate defendant's failure to retain counsel after being ordered to do so is a failure to 'otherwise defend' under Rule 55 that justifies a default." (internal citation omitted)). Williams-Lester properly notified VFC of its motion for default judgment, Fed. R. Civ. P. 55(b)(2), and more than a month has passed without a response. The Court will now enter default judgment for Williams-Lester because she has stated a claim for four violations of the FDCPA and because default judgment is proper.

### A.    The Complaint Establishes Four Legitimate Causes of Action

To determine if the Complaint properly establishes legal claims, the Court must first ensure that the jurisdictional prerequisites for those claims have been satisfied. Jurisdiction in this Court is proper, as the plaintiff's claim arises under the FDCPA, a federal law. 28 U.S.C. § 1331. VFC waived any claim of insufficient service of process. (Waiver of Service, ECF No. 2.) By answering the Complaint, VFC consented to the Court's exercise of personal jurisdiction. Fed. R. Civ. P. 12(h)(1). Williams-Lester has standing because she alleged an actual, concrete, and particularized violation of the FDCPA, caused by VFC and able to be remedied by the Court. *See* In Re *Horizon Healthcare Servs. Inc. Data Breach Litig.*, No. 15-2309, 2017 WL 242554, at *11 (3d Cir. Jan. 20, 2017). Thus, the Court has jurisdiction over the case and the parties.

The Court must next consider whether Williams-Lester has brought legitimate causes of action because "a party in default does not admit mere conclusions of law." *Carroll*, 2012 WL 3279213, at *2. Williams-Lester alleges that VFC violated the FDCPA, which Congress enacted to "eliminate abusive debt collection practices by debt collectors." § 1692(e). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another." § 1692a(6). The FDCPA defines a "debt" as an obligation "of a consumer to pay money arising out of a transaction" related to personal, family, or household purposes. § 1692a(5). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." § 1692a(3). The FDCPA establishes a private right of action for the violation of any provision, most of which are strict liability. § 1692k(a).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Williams-Lester alleged she is a consumer and VFC is a debt collector under the FDCPA. She further asserted that she owes a debt to Comenity Bank arising out of transactions for personal, family, or household purposes. Accepting her allegations as true, Williams-Lester has made out the first three prongs of a FDCPA claim. *See id.*

Williams-Lester also claimed that VFC violated five specific provisions of the FDCPA. Accepting the factual allegations in her Complaint as true and drawing all reasonable inferences in her favor, Williams-Lester has made out claims for four FDCPA violations.

First, Williams-Lester alleged a violation of Section 1692c(a)(1), which prohibits a debt collector from contacting a consumer at unusual times or places, or at times or places known to be inconvenient to the consumer. Communications before 8 a.m. or after 9 p.m. are presumptively inconvenient. § 1692c(a)(1). Williams-Lester alleged that VFC called her before 8 a.m. and after 9 p.m., which states a cause of action for violation of Section 1692c(a)(1).

Second, Williams-Lester claimed violation of Section 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of

any debt." She pointed to Section 1692e(5), which specifically prevents a debt collector from threatening to take an action that it does not actually intend to take, and Section 1692e(10), which specifically prevents a debt collector from using false representations or deceptive means to collect a debt. Williams-Lester alleged that VFC threatened to take legal action against her but did not actually intend to do so—a claim buoyed by the lack of lawsuit and current default. As a result, she makes out a claim for violation of Section 1692e. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (holding that "it would be deceptive under the FDCPA for [a debt collector] to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before," and allowing plaintiff, who alleged only that defendant never intended to file suit, to proceed to discovery to determine whether defendant "seldom litigated or referred debts" to an attorney).

Third, Williams-Lester asserted a violation of Section 1692g(a), which requires a debt collector to send the consumer a written notice with specific information about the debt. The debt collector must send the notice within five days of the initial communication, unless all elements of the notice are communicated to the consumer in the initial conversation. § 1692g(a). She alleged that VFC failed to send written notification of the debt within five days of its initial communication with her, which states a cause of action for violation of Section 1692g(a).

Fourth, Williams-Lester alleged a violation of Section 1692d, which bars a debt collector from engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." She pointed to Section 1692d(5), which specifically prohibits repeated telephone calls with intent to annoy or harass any called person. Williams-Lester alleged that VFC called her repeatedly over a five month period, often called her multiple times a day, and continued to call her after she informed VFC that she only wanted

to receive mail communications. These allegations state a claim under Section 1692d(5). *See Carr v. NCO Fin. Sys., Inc.*, Civ. A. No. 11-2050, 2011 WL 6371899, at *2 (E.D. Pa. Dec. 20, 2011) (looking to the volume and pattern of calls to determine whether there is actionable harassment, and noting that "a high volume of calls alone may be sufficient to state a plausible claim that a debt collector engaged in harassing conduct" under Section 1692d(5)); *Shand-Pistilli v. Prof'l Account Servs., Inc.*, Civ. A. No. 10-1808, 2010 WL 2978029, at *5 (E.D. Pa. July 26, 2010) (finding actionable under Section 1692d(5) a plaintiff's allegations that defendant called her continuously at her home and refused to comply with her request to cease contact).

Finally, Williams-Lester claimed a violation of Section 1692f, which prohibits using unfair or unconscionable means to collect a debt. But she has not pleaded sufficient facts to support this claim. Section 1692f is "a catchall for conduct that is recognizably unfair, but not explicitly enumerated in other sections of the FDCPA." *Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F. Supp. 2d 589, 601 (E.D. Pa. 2012) (internal quotation marks omitted). An actionable claim under Section 1692f must identify some misconduct that does not also violate a different provision of the FDCPA. *Shand-Pistilli*, 2010 WL 2978029, at *6. Williams-Lester pointed only to an "overall pattern of Defendant's conduct," i.e., repeated calls at inconvenient times, failure to comply with a request for communications by mail, a threat of legal action, and failure to send the required notice. (Mot. Default J. 6.) But these pleadings are properly addressed by other provisions of the FDCPA, and therefore do not state a claim under Section 1692f.

In sum, accepting as true the facts alleged in Williams-Lester's Complaint, she has made out a cause of action for violations of § 1692c(a)(1), § 1692e, § 1692g(a), and § 1692d(5) of the FDCPA.

### B.    Default Judgment Is Proper

Having found that Williams-Lester states a claim for four violations of the FDCPA, the

Court now concludes that default judgment is proper under the *Poulis* factors. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the
> attorney was willful or in bad faith; (5) the effectiveness of sanctions other than
> dismissal, which entails an analysis of alternative sanctions; and (6) the
> meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted).

First, because a corporation cannot represent itself in federal court, VFC bears substantial

personal responsibility to follow the Court's orders and appoint new counsel. *See Smith ex rel. El

Ali v. Altegra Credit Co.*, Civ. A. No. 02-8221, 2004 WL 2399773, at *4 (E.D. Pa. Sept. 22,

2004). Second, VFC's failure to comply with the Court's Orders deprived Williams-Lester of the

opportunity to "conduct discovery, develop the factual record, and reach a speedy and fair

resolution to the litigation," resulting in significant prejudice to her. *See id.* at *5. Third, VFC

displayed serious dilatoriness by ignoring two Court Orders and not participating in this

litigation in over ten months. Fourth, VFC consistently failed to comply with the Court's orders

despite a warning about the consequence of noncompliance, which evidences bad faith. *See id.* at

*6. Fifth, because VFC refuses to participate in the litigation, default judgment is the only

effective sanction. And sixth, based on the facial validity of the pleadings, Williams-Lester

sufficiently alleged four meritorious claims for violation of the FDCPA. *See id.* at *7. In sum,

every factor supports the entry of default judgment.

### C.    Damages

When calculating damages, the Court must accept as true "the factual allegations of the

complaint, except those relating to the amount of damages." *Comdyne I, Inc.*, 908 F.2d at 1149

(internal quotation marks omitted). The Court may calculate damages by receiving evidence and detailed affidavits from the claimant in lieu of a hearing. *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009).

Under the FDCPA, a plaintiff can recover both actual damages and statutory damages, the latter of which cannot exceed $1,000 per lawsuit. § 1692k(a); *Goodmann v. People's Bank*, 209 F. App'x 111, 114 (3d Cir. 2006). In granting statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1). "If the violation is especially egregious, or if plaintiffs show that it was repeated and persistent, courts are more likely to award the full amount." *Manopla v. Bryant, Hodge & Assocs., LLC*, Civ. A. No. 13-338, 2014 WL 793555, at *6 (D.N.J. Feb. 26, 2014) (collecting cases). A plaintiff need not allege actual damages to recover statutory damages. *Id.* at *7.

While Williams-Lester has requested no actual damages, she has asked the Court to award $1,000 in statutory damages. She alleged that VFC made a large number of harassing phone calls over a five month period in violation of the FDCPA and in contravention to her request for communications by mail. Some of these calls occurred early in the morning or late at night, and at least one included a threat of legal action. Taking her allegations as true, VFC engaged in frequent and persistent harassment of Williams-Lester in violation of four provisions of the FDCPA. Moreover, the refusal to comply with Williams-Lester's request to cease calling allows the Court to infer intentional noncompliance. *Cf. Carr*, 2011 WL 6371899, at *2. The Court finds that the circumstances warrant an award of $1,000 in statutory damages. *See* § 1692k(b)(1).

**D.    Attorney's Fees**

In addition to damages, the FDCPA allows a prevailing plaintiff to collect "the costs of the action, together with a reasonable attorney's fee as determined by the court." § 1692k(a)(3). Williams-Lester has requested $400 in costs and $3,195.50 in attorney's fees. (Mot. Default J. Certification Amy Bennecoff Ginsburg ¶¶ 6–7.)

Awarding attorney's fees "should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). To determine a reasonable fee, courts begin by calculating the lodestar: the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate for the work completed. *Holliday v. Cabrera & Assocs., P.C.*, Civ. A. No. 05-0971, 2007 WL 30291, at *3 (E.D. Pa. Jan. 4, 2007) (discussing calculation of attorney's fees under FDCPA); *see McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The Court evaluates the reasonableness of the hourly rate by looking to the "'prevailing market rates in the relevant community.'" *Holliday*, 2007 WL 30291, at *3 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). If a party does not submit evidence to establish a reasonable hourly rate, "the district court must exercise its discretion in fixing a reasonable hourly rate." *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996) (internal quotation marks omitted).

Williams-Lester submitted an affidavit and itemized invoice detailing the date, time, hourly rate, and total fee for each task carried out to further this litigation. Her attorneys request

11

$425 per hour for the managing partner (for 0.7 hours), $300 per hour for senior associate attorneys (for 4.4 hours), $265 per hour for associate attorneys (for 4.1 hours), $165 per hour for paralegals (for 2.7 hours), and $115 per hour for a law clerk and a legal assistant (for 0.4 hours). Counsel for Williams-Lester worked 12.3 total hours on the case, which is comparable to recent FDCPA lawsuits resulting in default judgment. *E.g.*, *Hoover v. A & S Collection Assocs., Inc.*, Civ. A. No. 13-05852, 2014 WL 2711036, at *4 (D.N.J. June 16, 2014) (12.5 hours; collecting comparable cases in the District of New Jersey); *Holliday*, 2007 WL 30291, at *4 (19.8 hours).

Though Williams-Lester has not submitted evidence on market rates in the community, this Court will exercise its discretion to conclude that the proposed rates are reasonable. *See Washington*, 89 F.3d at 1036. The proposed hourly rates are comparable to rates allowed by other judges in similar cases. *E.g.*, *Havison v. Williams Alexander & Assocs., Inc.*, Civ. A. No. 15-7059, 2016 WL 7018532, at *3 (D.N.J. Nov. 30, 2016); *Hoover*, 2014 WL 2711036, at *4; *Holliday*, 2007 WL 30291, at *4 (collecting cases). The requested $400 in litigation costs, which consists solely of the filing fee, is also reasonable. As a result, Williams-Lester is entitled to $3,195.50 in attorney's fees and $400 in litigation costs.

## IV.     CONCLUSION

The Court will enter default judgment against VFC for $4,595.50, of which $1,000 is for damages, $3,195.50 is for attorney's fees, and $400 is for litigation costs. An Order consistent with this Memorandum will be docketed separately.